IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LONNIE DAVIDSON,

                Plaintiff,

v.                              CASE NO. 18-3106-SAC

JEFFREY EASTER, et al.,

                Defendants.

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff Lonnie Davidson, a prisoner at the Sedgwick County Detention Facility (SCDF) in Wichita, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's complaint (Doc. 1) alleges he has received inadequate treatment for his back since his arrival at SCDF. Plaintiff names as defendants Jeffrey Easter, Sheriff of Sedgwick County, and Dr. Gerald Stopp, physician with Correct Care Solutions who is the contracted medical provider for SCDF.

According to the complaint, Plaintiff has some sort of back condition, which he describes as a disability. He alleges he was booked into SCDF on July 18, 2017, and was given Flexoril and Tramadol for two weeks, then "they stopped the meds." Doc. 1 at 2. He claims Dr. Stopp and the

1

deputies knew he was disabled and had his complete medical history. He states he kept "getting put off to see the doctor," and staff refused to give him proper medication or treatment for his back. *Id.* Mr. Davidson alleges he suffered mental pain and anguish as well as physical pain.

Plaintiff claims his rights under the Eighth Amendment have been violated. He seeks medical care, an MRI, possible surgery, injunctive relief, and monetary damages of $150,000.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's complaint is subject to dismissal for a number of reasons.

### A. Eighth Amendment denial of adequate medical care

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008)(citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard includes an objective and a subjective component, both of which must be met to prevail on a claim of medical mistreatment. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need." *Estelle,* 429 U.S. at 104-05. A medical need is considered "sufficiently serious" if it "has been diagnosed by a physician as mandating treatment." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotation marks omitted). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

Plaintiff has not provided enough factual allegations to state a deliberate indifference claim. He alleges he has a "disability" related to his back but does not describe the disability further. He

4

also fails to describe who he talked to about his medical condition; what he told them; who treated him; whether he received any treatment after the first two weeks, and, if so, when such treatment began and what it was; and what injury, if any, he suffered as a result of the allegedly inadequate treatment. The Court is unable to determine if Mr. Davidson even has a "serious medical need," let alone whether the alleged lack of treatment resulted in an excessive risk to his health or safety. As a result, Plaintiff's Eighth Amendment claim is subject to dismissal.

Moreover, based on the limited information Plaintiff provided, it appears possible that Plaintiff may merely disagree with the course of treatment he received at SCDF. However, "[a] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980). Similarly, a difference of opinion among medical providers about treatment is also not actionable under the Eighth Amendment. *See Supre v. Ricketts*, 792 F.2d 958, 963 (10th Cir. 1986). A prisoner does not make a showing of deliberate indifference where he was simply denied "a particular course of treatment" that he desired. *Callahan v. Poppell,* 471 F.3d 1155, 1160 (10th Cir. 2006).

Furthermore, if Mr. Davidson is attempting to claim there was a delay or temporary interruption in treatment, he must show he suffered substantial harm as a result of that delay to state an Eighth Amendment claim. A delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006). Plaintiff has made no such showing.

### B. Personal Participation

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Government officials may not be held liable for the actions of their subordinates solely under a theory of *respondeat superior*. *Id.*; see also *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). Since an official cannot be held liable under a theory of vicarious liability, Plaintiff must plead sufficient facts showing that each official violated the Constitution through his own individual actions. *Id.* Denial of grievances is not enough to demonstrate the required personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Plaintiff names two defendants but includes no specific allegations of involvement of either defendant. Plaintiff has not adequately described the acts taken by each defendant that violated his constitutional rights. Therefore, both defendants are subject to dismissal from this action.

## VI. Response and/or Amended Complaint Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3106-SAC) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. See Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 6, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 6, 2018**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

DATED:  This 6th day of July, 2018, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U.S. Senior District Judge**